**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

TIMOTHY A. DAY,                  :
                                 :  Civil Action No. 06-5302 (RBK)
            Plaintiff,           :
                                 :
     v.                          :    **OPINION**
                                 :
U.S. DEPT. OF JUSTICE,           :
et al.,                          :
                                 :
            Defendants.          :

**APPEARANCES:**

    TIMOTHY A. DAY, Plaintiff <u>pro se</u>
    #43134-018
    FCI Fort Dix
    P.O. Box 7000 - SHU
    Fort Dix, New Jersey 08640

**KUGLER**, District Judge

    Plaintiff Timothy A. Day ("Day"), a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), at the time he filed his Complaint, seeks to bring this action <u>in forma pauperis</u>, pursuant to <u>Bivens v. Six Unknown named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging violations of his constitutional rights. Plaintiff initially submitted his Complaint without a complete application to proceed <u>in forma pauperis</u> ("IFP"). On November 14, 2006, this Court issued an Order denying Day's IFP application without prejudice, and administratively terminating the action. The Order also gave

plaintiff thirty (30) days to submit a complete IFP application with his prison account statement and affidavit of indigency if he wished to re-open his case.

On December 5, 2006, Day submitted a complete IFP application and requested that his action be re-opened.  It appearing that plaintiff qualifies to proceed in forma pauperis, the Court will grant plaintiff's application to proceed as an indigent and will direct the Clerk of the Court to re-open this matter, and file the Complaint without prepayment of fees.

Having reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that this action should be dismissed with prejudice.

## I.   BACKGROUND

In his Complaint, Day alleges that the named defendants[1] have violated his due process and equal protection rights when plaintiff was assigned a Sex Offender Public Safety Factor ("SOPSF") based on a 1992 prior conviction for a misdemeanor

---

[1] Day names the following defendants: the U.S. Department of Justice ("USDOJ"); Alberto Gonzales, U.S. Attorney General; the Federal Bureau of Prisons ("FBOP"); FBOP Director Lappin; Northeast Regional Director, D. Scott Dodrill; Warden Charles E. Samuels, Jr.; Unit Manager 5811 Michael Carroll; Karlton Byrd, Case Manager Camp; Case Manager 5811 Jason Raguckas; and Counsel 5811 Nancy Troxler.

charge of exposure of sexual organs. Day also claims that this classification as a sex offender violates the Double Jeopardy Clause of the Fifth Amendment. The SOPSF was assigned to plaintiff pursuant to the Federal Bureau of Prisons ("FBOP") Program Statement 5100.07, Chapter 7 (1999). This SOPSF restricts plaintiff from designation or transfer to a minimum security prison camp. (Complaint, ¶ 6).

On January 5, 2007, Day submitted an amendment to his Complaint. Plaintiff asks that the Court amend the Complaint to reflect that Program Statement 5100.07 was rescinded and the pertinent rules concerning this issue of a SOPSF are now found at Program Statement 5100.08, Code F, Chapter 5, page 8 (dated September 12, 2006). (Amendment to Complaint, Docket Entry No. 4). However, in all respects relevant to this matter, the Court finds that the language of the revised Program Statement is substantially identical to the language of the old Program Statement 5100.07, Chapter 7 (1999).

Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). He seeks unspecified, but substantial monetary damages for stress, mental anguish and violation of his constitutional rights for the more than two years he has been incarcerated and classified with an SOPSF. He further asks that the relevant Program Statement be revised to conform to the Constitution, and

that the FBOP provide a list of all federal prisoners assigned an SOPSF so that they may be notified for purposes of joining this lawsuit as a class action. (Compl., ¶ 7).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)).

III. ANALYSIS

A. Bivens Claim

As stated above, Day brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In Bivens, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment. In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983.[2] The Supreme Court has also implied Bivens damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).

In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn.

---

[2] Bivens actions are simply the federal counterpart to § 1983 actions brought against state officials who violate federal constitutional or statutory rights. Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004), cert. denied, 543 U.S. 1049 (2005). Both are designed to provide redress for constitutional violations. Thus, while the two bodies of law are not "precisely parallel", there is a "general trend" to incorporate § 1983 law into Bivens suits. Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987)).

6

1987)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

The United States has sovereign immunity except where it consents to be sued. United States v. Mitchell, 463 U.S. 206, 212 (1983). In the absence of such a waiver of immunity, Day cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484-87 (1994), or against any of the individual defendants in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or her official capacity is a suit against the government). Therefore, the Complaint is dismissed in its entirety against the USDOJ and the FBOP.

However, a Bivens-type action seeking damages from the remaining defendants is an action against them in their individual capacities only. See, e.g., Armstrong v. Sears, 33 F.3d 182, 185 (2d Cir. 1994); Johnston v. Horne, 875 F.2d 1415, 1424 (9th Cir. 1989). Here, Day appears to be seeking money damages from federal officials who were acting in their individual capacities regarding the application of an SOPSF to plaintiff. Accordingly, the Court will review the Complaint to determine whether it states a cognizable claim sufficient to

withstand summary dismissal at this time pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

B.  Legal Authority

The Security Designation and Custody Classification Program Statement provides policy and procedure regarding the FBOP's inmate classification system, which are consistent with the statutory authority contained in 18 U.S.C. § 3621(b).[3] The Program Statement authorizes prison officials to designate an inmate's classification in the most appropriate security level institution commensurate with the inmate's security and program needs. Program Statement 5100.08 "Purpose and Scope".

Pursuant to the statutory authority under § 3621(b), Program Statement 5100.08, Chapter 5 (formerly PS 5100.07, Chapter 7), addresses "public safety factors" ("PSF"), which are relevant factual information concerning an "inmate's current offense, sentence, criminal history or institutional behavior that

---

[3] Section 3621(b) provides that

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise ... that the Bureau determines to be appropriate and suitable ... . The Bureau may at any time ... direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b).

requires additional security measures be employed to ensure the safety and protection of the public." In relevant part, the criteria for a "Sex Offender" PSF ("SOPSF") are as follows:

> A male or female inmate whose behavior in the current term of confinement or prior history includes one or more of the following elements will be housed in at least a Low Security level institution, unless the PSF has been waived. A conviction is not required for application of this PSF if the Presentence Investigation Report (PSR), or other official documentation, clearly indicates the following behavior occurred in the current term of confinement or prior criminal history. If the case was dismissed or <u>nolle prosequi</u>, application of this PSF cannot be entered. However, in the case where an inmate was charged with an offense that included one of the following elements, but as a result of a plea bargain was not convicted, application of this PSF should be entered.
>
> Example: According to the PSR, the inmate was specifically described as being involved in a Sexual Assault but pled guilty to Simple Assault. Based on the documented behavior, application of this PSF should be entered:
>
> (1) Engaging in sexual contact with another person without obtaining permission to do so (forcible rape, sexual assault or sexual battery);
>
> (2) Possession, distribution or mailing of child pornography or related paraphernalia;
>
> (3) Any sexual contact with a minor or other person physically or mentally incapable of granting consent (indecent liberties with a minor, statutory rape, sexual abuse of the mentally ill, rape by administering a drug or substance);
>
> (4) Any sexual act or contact not identified above that is aggressive or abusive in nature (e.g., rape by instrument, encouraging use of a minor for prostitution purposes, incest, etc.). Examples may be documented by state or Bureau of Prisons' incident reports, clear NCIC entries, or other official documentation;
>
> (5) Attempts are to be treated as if the sexual act or contact was completed; and/or

>     (6) Any offense referenced in the Sex Offender Notification
>     and Registration Program Statement.

PS 5100.08, Chapter 5, Code F, Page 8.[4]

C.  <u>Plaintiff's Claims Are Subject to Dismissal</u>

The Court notes that this is not the first time plaintiff has challenged his SOPSF.  In early 2005, Day filed a habeas petition under 28 U.S.C. § 2241, contesting his SOPSF classification on similar grounds as raised in this <u>Bivens</u> complaint.  In an opinion filed on October 12, 2005, this Court denied Day habeas relief, finding that there was no due process and equal protection violation, and that there was no abuse of discretion by the FBOP in applying the SOPSF to Day based on his 1992 conviction for exposure of sexual organs.  <u>Day v. Nash, et al.</u>, Civil No. 05-797 (RBK), 2005 WL 2654089 (D.N.J. Oct. 12, 2005).

In particular, this Court held meritless Day's claim that his SOPSF classification deprived him of liberty without due process in violation of the Fifth Amendment.  <u>See</u> <u>Montanye v. Haymes</u>, 427 U.S. 236, 242 (1976)("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in

---

[4] Both the rescinded PS 5100.07, Chapter 7, page 2 and the current PS 5100.08, Chapter 5, Code F, page 8 are substantially identical.  Thus, there is no need to replicate the former PS 5100.07.

itself subject an inmate's treatment by prison authorities to judicial oversight."); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)("We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right. ...  The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system.  Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process."); Sandin v. Conner, 515 U.S. 742, 484 (1995)(holding that a liberty interest is implicated only where the action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment").  See also Wilks v. Mundt, 25 Fed. Appx. 492, 2002 WL 113837 (8th Cir. Jan. 30, 2002)(no liberty interest implicated by an SOPSF).

    This Court also found that Day had not demonstrated that he had been treated differently by application of the SOPSF than any other person similarly situated to him, necessary to support an his equal protection claim.  See City of Cleburne v. Cleburne Living Center, 473 U.S. 432 (1985); Williams v. Morton, 343 F.3d 212, 221 (3d Cir. 2003).

11

Finally, this Court had determined that there was no abuse of discretion by the FBOP in relying upon information contained in Day's PSR to impose the SOPSF, even though the events took place in 1992. In the petition, as here in the Complaint, Day argues that the 1992 incident did not result in a conviction for an act of a sexual nature. This Court found that the PSR "clearly describes conduct falling within that which PS 5100.07 includes as justifying application of the [SOPSF]."

Day appealed from the denial of his habeas petition. The United States Court of Appeals for the Third Circuit affirmed this Court's ruling, holding that the FBOP did not violate Day's due process and equal protection rights when it assigned Day an SOPSF in reliance on a prior conviction for a misdemeanor charge of exposure of sexual organs. The Third Circuit noted that the PSR had described the original lewd and lascivious act charge, which had occurred in the presence of a child under the age of 16 years, and that Day had pled guilty to the lesser included charge of exposure on the day of sentencing. Thus, the Third Circuit found no abuse of discretion by the FBOP in viewing such guilty plea as the result of a plea bargain. There was no evidence that the original lewd and lascivious charge had been dismissed or nolle prosequi so as to render it inappropriate for consideration of an SOPSF. Day v. Nash, et al., 191 Fed. Appx. At 139-40.

In the present action, Day again challenges the very same SOPSF classification and raises similar claims that defendants' decision to apply the SOPSF violates his right to due process. In other words, Day is attempting to re-litigate his SOPSF classification via a Bivens action, instead of a § 2241 habeas petition like he had earlier attempted. Accordingly, the Court finds that this action is barred by the doctrines of res judicata and collateral estoppel.

The doctrine of res judicata or claim preclusion precludes the re-litigation of matters based on the same cause of action that were or could have been raised and resolved in a prior proceeding. Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers, 855 F.2d 1080, 1086 (3d Cir. 1988) (citing 1B J. Moore & J. Wicker, Moore's Federal Practice ¶ 0.405[1] at 179 (2d ed. 1984)). Although res judicata ordinarily is presented as an affirmative defense in a responsive pleading, a district court may raise the issue sua sponte "in the interest of judicial economy ... particularly where both actions are brought in courts of the same district." United Home Rentals, Inc. v. Texas Real Estate Commission, 716 F.2d 324, 330 (5th Cir. 1983) (citation omitted), cert. denied, 466 U.S. 928 (1984).

A claim may be precluded under the doctrine of res judicata if three requirements are met: (1) there was a prior suit involving the same parties or their privies; (2) there was a

13

final judgment on the merits; and (3) the subsequent suit is based on the same cause of action as the prior suit. <u>Napier</u>, 855 F.2d at 1086.

Collateral estoppel, or issue preclusion, bars re-litigation of an issue identical to that in a prior action.  Issue preclusion may be invoked when: (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party(s) against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question. <u>Temple University v. White</u>, 941 F.2d 201, 212 (3d Cir. 1991), <u>cert</u>. <u>denied</u>, 502 U.S. 1032 (1992).

All these elements, under either <u>res judicata</u> or collateral estoppel are essentially met in this case.  First, Day filed a similar claim alleging the denial of due process and abuse of discretion by the FBOP in a § 2241 petition challenging the very same SOPSF factor.  The habeas petition named the FBOP as a party and Day's custodian at that time, Warden Nash, as respondents. In the present action, Day again names the FBOP and his current warden.  He also names individual defendants who are agents or employees of the FBOP, and who either were involved in promulgating the Program Statement itself, or were the individual officials who were actually involved in the decision to assign

plaintiff an SOPSF in Day's case.  Thus, the defendants had a full and fair opportunity to litigate the SOPSF issue in the prior § 2241 petition

Next, Day's earlier § 2241 petition was dismissed on the merits.  The court had determined that application of an SOPSF pursuant to Program Statement 5100.07, Chapter 7, did not implicate a liberty interest under the Due Process Clause.  Finally, both the earlier § 2241 petition and this Complaint are based on the same cause of action, i.e., the designation of an SOPSF based on Day's 1992 state court conviction pursuant to the same FBOP Program Statement.  Therefore, this Court finds that Day's current action is barred by the doctrines of res judicata and collateral estoppel, and the Complaint must be dismissed accordingly.

To the extent that Day asserts a new claim that the SOPSF assignment constitutes a violation of his Fifth Amendment right against double jeopardy, this claim also fails for lack of merit.  The Double Jeopardy Clause of the Fifth Amendment protects people from, among other things, multiple criminal punishments for the same offense.  Hudson v. United States, 522 U.S. 93, 98-99 (1997).  Changes in conditions of confinement, such as an alteration or assignment of a prisoner's security classification and consequent loss of privileges, are not additional punishments for the original offense in part because the sentence is not

being increased beyond that originally imposed.  See <u>Stiver v. Meko</u>, 130 F.3d 574, 578-79 (3d Cir. 1997); <u>Perez v. Federal Bureau of Prisons</u>, No. 06-3983, 2007 WL 1093322 *1 (3d Cir., April 11, 2007).

Therefore, Day's allegations of double jeopardy based only on his SOPSF classification fail to state a cognizable claim under the Fifth Amendment's Double Jeopardy Clause, and such claim will be dismissed accordingly.

### IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety as against all defendants, for failure to state a claim upon which relief may be granted.  An appropriate order follows.

<u>S/Robert B. Kugler</u>
ROBERT B. KUGLER
United States District Judge

Dated: May 2, 2007